UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                          :       Chapter 7
                                                :
THEMA T. NORTON,                                :       Case No. 16-44209 (ESS)
                                                :
    Debtor.                                    :
-------------------------------------------------------------X
ECP PROPERTY II LLC,                            :
                                                :
    Plaintiff,                                 :
                                                :
    -against-                                  :       Adv. Proc. No. _____
                                                :
THEMA T. NORTON,                                :
                                                :
    Defendant.                                 :
-------------------------------------------------------------X

### COMPLAINT TO DETERMINE DISCHARGEABILTY OF DEBT

Plaintiff, ECP Property II LLC ("ECP"), by its attorneys and pursuant to 11 U.S.C. § 523, complaining of the defendant, Thema T. Norton ("Debtor"), alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff ECP is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Englewood, Colorado.

2. Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on September 22, 2016 (the "Petition Date").

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

266159

## FACTS COMMON TO ALL COUNTS

**The Building Loan**

4. On August 20, 2008, Riverrock Nehemiah Realty LLC ("Borrower") and Banco Popular North America ("Banco Popular") entered into a Building Loan Agreement (the "Building Loan Agreement") and related agreements and documents that established a $1,912,341.00 commercial loan (the "Building Loan") to Borrower and otherwise to reflect certain loan agreements between the parties. A copy of the Building Loan Agreement is annexed hereto as Exhibit 1.

5. Borrower and Banco Popular entered into a $1,912,341.00 Building Loan Note (the "Original Building Loan Note") on August 20, 2008 that evidenced the Building Loan. A copy of the Original Building Loan Note is annexed hereto as Exhibit 2.

6. The Original Building Loan Note included Borrower's promise to make certain payments to Banco Popular and to perform various other obligations.

7. Borrower subsequently entered into a Building Loan Note Extension and Modification Agreement (the "Building Loan Note Modification Agreement") with Banco Popular on December 8, 2010. Among other things, the Building Loan Note Modification Agreement reduced the principal amount of the Original Building Loan Note to $1,887,583.56 and extended the maturity date of the Original Building Loan Note to March 31, 2011. A copy of the Building Loan Note Modification Agreement is annexed hereto as Exhibit 3.

8. Together, the Original Building Loan Note and the Building Loan Note Modification Agreement are referred to as the "Building Loan Note."

**The Project Loan**

9. Also on August 20, 2008, Borrower and Banco Popular entered into a Project Loan Agreement (the "Project Loan Agreement") and related agreements and documents that established a $349,669.00 commercial loan (the "Project Loan") to Borrower and otherwise to reflect certain loan agreements between the parties. A copy of the Project Loan Agreement is annexed hereto as Exhibit 4.

10. Borrower and Banco Popular entered into a $349,669.00 Project Loan Note (the "Original Project Loan Note") on August 20, 2008 that evidenced the Project Loan. A copy of the Original Project Loan Note is annexed hereto as Exhibit 5.

11. The Original Project Loan Note included Borrower's promise to make certain payments to Banco Popular and to perform various other obligations.

12. Borrower subsequently entered into a Project Loan Note Extension and Modification Agreement (the "Project Loan Note Modification Agreement") with Banco Popular on December 8, 2010. Among other things, the Project Loan Note Modification Agreement reduced the principal amount of the Original Project Loan Note to $97,327.83 and extended the maturity date of the Original Project Loan Note to March 31, 2011. A copy of the Project Loan Note Modification Agreement is annexed hereto as Exhibit 6.

13. Also on August 20, 2008, Borrower executed an Assignment of Leases and Rents (the "Assignment of Leases and Rents") in favor of Banco Popular. Among other things, the Assignment of Rents granted to Banco Popular a lien on and security interest in all rents, revenues, income, and other benefits of certain commercial real property and improvements more fully described in the Assignment of Leases and Rents (collectively, the "Property"), and assigned to Banco Popular the right to collect and enjoy the rents, accounts and profits accruing

by virtue of the tenant leases at the Property. A copy of the Assignment of Leases and Rents is annexed hereto as Exhibit 7.

14. Banco Popular evidenced its interest in the Property, chattels, intangibles, rents, revenues, income and other benefits of the Property, and all proceeds of any of the foregoing, by filing a financing statement with the New York State Secretary of State, which the Secretary of State recorded on October 10, 2008 as filing number 200810100693968. Banco Popular filed a continuation statement with the New York State Secretary of State, which the Secretary of State recorded on May 10, 2013 as filing number 201305105507770. Copies of the financing statement and the continuation statement are annexed hereto collectively as Exhibit 8.

15. Together, the Original Project Loan Note and the Project Loan Note Modification Agreement are referred to as the "Project Loan Note."

16. Together, the Building Loan Agreement and the Project Loan Agreement are referred to as the "Loan Agreements."

17. Together, the Building Loan Note and the Project Loan Note are referred to as the "Notes."

18. Collectively, the Loan Agreements, the Notes, and all other related documents, instruments and agreements evidencing Borrower's obligations and indebtedness to Banco Popular are referred to as the "Loan Documents."

**Defaults and Acceleration**

19. The Notes matured on March 31, 2011 (the "Maturity Date").

20. Borrower defaulted on its obligations to Banco Popular under the Notes and the Loan Agreements by, among other things, failing to pay Banco Popular all amounts due under the Loan Documents on the Maturity Date.

21. Banco Popular, through its counsel, notified Borrower of Borrower's default and made demand upon Borrower for payment. Copies of demand letters from Banco Popular's counsel to Borrower are annexed hereto collectively as Exhibit 9.

22. Despite demand, Borrower failed and refused to make payment of its outstanding obligations to Banco Popular.

**Banco Popular's Assignment of the Loan Documents to ECP**

23. By a Loan Purchase and Sale Agreement dated September 3, 2014, Banco Popular assigned to ECP all of Banco Popular's right, title, and interest in and to the Loan Documents and all amounts due thereunder.

24. Copies of the Allonges to the Building Loan Note and the Project Loan Note are annexed hereto collectively as Exhibit 10.

25. ECP recorded in the New York City Department of Finance, Office of the City Register, an Assignment of Leases and Rents dated September 22, 2014, assigning the Assignment of Leases and Rents from Banco Popular to ECP. The City Register recorded the instrument as document number 2014100300379001. A copy of the recorded instrument is annexed hereto as Exhibit 11.

26. ECP recorded with the New York Secretary of State and with the New York City Department of Finance, Office of the City Register, financing statement amendments listing ECP as secured party. The Secretary of State recorded the instruments as document numbers 201410238421579 and 201410238421581, and the City Register recorded the instrument as document number 2014102400685001. Copies of these recorded instruments are annexed hereto collectively as Exhibit 12.

27. Debtor is borrower's principal and sole owner.

28. Beginning in September 2014 through the present, Borrower failed and refused to remit collections of tenant rents at the Property to ECP. Instead of remitting collections of tenant rents to ECP, ECP avers that prior to the Petition Date, Debtor deposited the collections of rents into bank accounts owned or controlled by Borrower or her and beyond ECP's reach.

29. The rents represent ECP's collateral for its loans to Borrower, and the right to collect and enjoy the rents was assigned by Borrower to ECP in the Assignment of Leases and Rents.

30. Section 5 of the Assignment of Leases and Rents provides that upon the occurrence of an event of default under any of the Loan Documents, Borrower shall instruct its tenants to pay all rents to ECP. Borrower is in default of the Loan Documents as described above. ECP notified the tenants at the Property of their obligation to make their rental payments to ECP instead of to Borrower, however the tenants failed and refused to make payment to ECP.

31. To date, Debtor has failed and refused to remit collections of rents to ECP.

## COUNT I
### (FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY – 11 U.S.C. § 523(a)(4))

32. ECP incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count I.

33. Debtor failed and refused to remit collections of tenant rents at the Property to ECP, and instead deposited the collections of rent into bank accounts owned or controlled by Borrower or her and beyond ECP's reach.

34. Debtor has no right, title, claim, or interest in and to the rents, which serve as ECP's collateral for its loans to Borrower.

35. Debtor is not entitled to assert any statutory lien or other claim against the rents.

36. Debtor's refusal to turn over the rents to ECP after demand is an intentional and unlawful exercise of ownership, dominion, and control by Debtor of ECP's collateral, and constitutes Debtor's denial and repudiation of ECP's rights to immediate and final possession of the rents.

37. Debtor knew that she did not own or have any claim to possession of the rents at the time she came into possession thereof. Despite this, Debtor refused to pay or surrender the rents to ECP. Debtor is deliberately preventing ECP from mitigating its damages and protecting its interest in its collateral.

38. Debtor used and consumed the rents without making payments to ECP.

39. Debtor acted willfully and deliberately and with malice and the actual intent that ECP would suffer the harm it actually suffered.

40. As Debtor's actions constitute larceny, the debt owed by Debtor to ECP is non-dischargeable under 11 U.S.C. § 523(a)(4).

## COUNT II
### (WILLFUL AND MALICIOUS INJURY BY THE DEBTOR – 11 U.S.C. § 523(a)(6))

41. ECP incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count II.

42. Debtor knowingly took the tenant rents at the Property, which serve as ECP's collateral for its loans to Borrower, and deposited the rents into bank accounts owned or controlled by Borrower or her and beyond ECP's reach, with the actual intent to permanently deprive ECP of its collateral.

43. Debtor's actions were willful, deliberate and malicious, and were intended to cause the harm that ECP actually suffered in this matter.

44. As Debtor's actions constitute willful and malicious injury to ECP and/or its property, the debt owed by Debtor to ECP is non-dischargeable under 11 U.S.C. § 523(a)(6).

**RELIEF REQUESTED**

WHEREFORE, plaintiff ECP Property II LLC demands relief as follows:

A. Entry of an Order determining that the debt owed by debtor Thema T. Norton to ECP is not dischargeable pursuant to 11 U.S.C. § 523(a)(4) and/or 11 U.S.C. § 523(a)(6);

B. Entry of judgment against debtor Thema T. Norton, and in favor of ECP, in the amount of $140,681.02, or in such amount as may be proved at trial, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by ECP in enforcing its rights; and

C. Entry of an Order granting ECP such other and further relief as the Court deems appropriate.

Dated: Baltimore, Maryland　　　　　　　　**Friedberg PC**
　　　　March 20, 2017

　　　　　　　　　　　　　　　　　　　　　　　/s/ Gordon S. Young
　　　　　　　　　　　　　　　　　　　　Gordon S. Young (GY-8331)
　　　　　　　　　　　　　　　　　　　　10451 Mill Run Circle, Suite 1000
　　　　　　　　　　　　　　　　　　　　Baltimore, Maryland 21117
　　　　　　　　　　　　　　　　　　　　gordon.young@lf-pc.com
　　　　　　　　　　　　　　　　　　　　(410) 581-7400

　　　　　　　　　　　　　　　　　　　　*Attorneys for ECP Property II LLC*