# EXHIBIT 6

## PROJECT LOAN NOTE EXTENSION AND MODIFICATION AGREEMENT

THIS PROJECT LOAN NOTE EXTENSION AND MODIFICATION AGREEMENT (this "Agreement") made as of this 8th day of December, 2010, and made effective as of the 30th day of September, 2010, is entered into between RIVERROCK NEHEMIAH REALTY LLC, a New York limited liability company, having its principal office at 771 Thomas S. Boyland Street, Brooklyn, New York 11212 (the "Borrower"), and BANCO POPULAR NORTH AMERICA, its successors and assigns, having an address at 120 Broadway, 16th Floor, New York, New York 10271 (the "Bank").

### BACKGROUND

WHEREAS, Bank made a mortgage loan in the amount of up to $2,262,010 (the "Loan");

WHEREAS, the Loan is evidenced by a certain (i) building loan note in the amount of $1,912,341, and (ii) project loan note in the amount of $349,669 (the "Note") in each case executed by Borrower in favor of Bank and each dated as of August 20, 2008;

WHEREAS, the Loan is secured, *inter alia*, by a certain (i) building loan mortgage, assignment of leases and rents and security agreement, and (ii) project loan mortgage, assignment of leases and rents and security agreement (the "Mortgage") each made by Borrower in favor of Bank and each dated August 20, 2008, encumbering the mortgaged property more particularly described therein; and

WHEREAS, Borrower and Bank executed a building loan agreement (the "Building Loan Agreement"), and Borrower and Bank executed a project loan agreement, each dated August 20, 2008, and each containing certain terms and conditions regarding advances of the Loan.

NOW, THEREFORE, in consideration of the covenants, conditions and agreements hereinafter set forth, and for other good and valuable consideration, the receipt and adequacy of which are all hereby acknowledged, Borrower and Bank covenant and agree as follows:

1. DEFINITIONS. All capitalized terms herein shall have the meaning set forth in the Building Loan Agreement, unless otherwise defined herein.

2. MODIFICATION OF NOTE. (a) The definition of Libor Margin, as defined on page 4 of the Note is hereby deleted in its entirety and is replaced with the following: ""Libor Margin" means seven hundred fifty (750) basis points," and the following language shall be added to the definition of "Interest Rate" at the top of page 1 of the Note, prior to the period: "but in no event shall the Interest Rate be less than eight percent (8%) per annum." (b) The

amount of "$349,669" is hereby deleted in its entirety from the definition of "Amount of Note" on page 1 of the Note, and the following is substituted in its place and stead: "$97,327.83."

3. EXTENSION OF MATURITY DATE. The maturity date of the Note is hereby extended to March 31, 2011 (the "Extended Maturity Date"), on which date the unpaid principal balance of the Note, together with all accrued and unpaid interest thereon and all other amounts payable under the Loan Documents (as defined below), shall be due and payable. Borrower hereby renews, but does not extinguish, the Note and the liens, security interests and assignments created and evidenced by the Mortgage are hereby renewed by extending the maturity date thereof as set forth above.

4. PRINCIPAL BALANCE. By its execution and delivery hereof, Borrower acknowledges and agrees that as of the date hereof, the outstanding principal balance on the Note is $97,327.83.

5. RATIFICATION OF LOAN DOCUMENTS. Each of the documents evidencing and/or securing the Loan (all of such documents, as amended, are collectively referred to herein as the "Loan Documents"), as modified by this Agreement, are hereby ratified and confirmed by Borrower. Without limiting the generality of the foregoing, Borrower hereby acknowledges, agrees, ratifies and confirms the Note and the other Loan Documents, and the liens and security evidenced thereby, as security for the Note as extended hereby.

6. NO OFF-SETS. Borrower hereby represents, warrants, acknowledges and agrees that it has no off-sets, defenses or counterclaims with respect to any of its obligations under the Note or the other Loan Documents and that Bank is not in default of any of its obligations under the Loan Documents.

7. EXECUTION IN COUNTERPARTS. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.

8. HEADINGS. Section headings in this Agreement are included herein for convenience of reference only and shall not constitute a part of this Agreement for any other purpose.

9. ADDITIONAL TERMS AND CONDITIONS. The Borrower and Bank agree to the Extended Maturity Date, subject to the following additional terms and conditions:

(a) simultaneously with its execution and delivery of this Agreement, Borrower shall pay all of Bank's counsel's fees and expenses in connection with the extension of the maturity date of the Note to the Extended Maturity Date;

(b) simultaneously with its execution and delivery of this Agreement Bank receives evidence satisfactory to Bank in its sole discretion that the budget for the Loan is sufficient to pay the costs, taxes, insurance and other fees and expenses (other than interest due on the Loan) incurred by the Borrower, in each

NYC 365998.1

case during the period of time prior to the Extended Maturity Date, or that other funds are available for this purpose;

(c) as required in the definition of "Financial Statements" in the Building Loan Agreement, Borrower shall provide to Bank monthly status reports reflecting leasing activity for the Premises, but in addition, such report shall also contain a status report reflecting any sales activity with respect to the Premises, to be delivered no later than ten (10) days after the end of each calendar month through the Extended Maturity Date;

(d) commencing with the calendar month December, 2010, and during each calendar month thereafter, Borrower shall provide Bank with evidence plans, and/or strategy to lease, and/or sell the property, provided, however, that in no event shall Borrower enter into an agreement to lease or sell the Premises without Bank's prior written consent;

(e) Borrower hereby certifies, acknowledges and confirms to Bank that Bank is not in default under the Loan Documents, and Borrower, on behalf of itself and its past or present parents, affiliates, subsidiaries, successors, assigns, representatives, licensees, principals, shareholders, officers, members, managers, employees, directors, agents, attorneys, heirs, executors, and administrators (collectively the "Borrower Releasors"), does hereby, now and forever, fully and finally, GENERALLY RELEASE, acquit and discharge Bank, including without limitation, its past or present successors, assigns, representatives, employees, officers, directors, agents, attorneys, affiliates, parent and subsidiary corporations, insurers, divisions and participants (collectively the "Bank Releasees") from any and all claims, responsibility, covenants, suits, judgments, demands, indebtedness, promises, agreements, actions, causes of action, obligations, damages, costs, expenses, compensation or liabilities of any type or nature whatsoever which the Borrower Releasors have, might have, or might claim to have, against the Bank Releasees, whether or not known, suspected, developed or undeveloped, anticipated or unanticipated, in law, in equity or under the Loan Documents, from the beginning of the world to the date hereof; and

(f) Borrower shall, upon demand of Bank, reimburse Bank for any appraisal ordered by Bank prior to the Extended Maturity Date.

10. BORROWER ACKNOWLEDGEMENT. Borrower acknowledges that although Bank is extending the maturity date of the Loan, certain other defaults by Borrower under the Loan Documents are continuing and Bank is not waiving such defaults by entering into this Agreement, and as a result of such continuing defaults Bank shall not be required to make future advances of the Loan except in its sole and absolute discretion. In connection with such continuing defaults, Borrower and Guarantor are delivering to Bank a forbearance agreement (the "Forbearance Agreement") simultaneously with the execution hereof, and the terms of this Agreement and the extension of the maturity date of the Note to the Extended Maturity Date

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

BORROWER:

RIVERROCK NEHEMIAH REALTY LLC,
a New York limited liability company

By: Guytech Management Services, Inc.

By: *(signature)*
Joseph Norton
President

Having an office at:
771 Thomas S. Boyland Street
Brooklyn, New York 11212

BANK:

BANCO POPULAR NORTH AMERICA

By: *(signature)*
Lawrence G. Hammond
Vice President

Having an office at:
120 Broadway, 16th Floor
New York, New York 10271

NYC 365998.1