# EXHIBIT 7

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br>2008101000539004001E3A08 |
|---|---|

## RECORDING AND ENDORSEMENT COVER PAGE  PAGE 1 OF 15

**Document ID:** 2008101000539004  **Document Date:** 08-20-2008  **Preparation Date:** 10-10-2008
Document Type: ASSIGNMENT OF LEASES AND RENTS
Document Page Count: 13

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST NATIONWIDE OF NEW YORK, INC.<br>PICK UP BRS, 1261 BROADWAY<br>AS AGENT FOR OLD REPUBLIC TITLE INSURANCE CO.<br>NEW YORK, NY 10001<br>212-685-9700 | EDWARDS ANGELL PALMER & DODGE LLP<br>750 LEXINGTON AVENUE<br>ATTN KEVIN C. GEORGE, ESQ.<br>NEW YORK, NY 10022 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 3602 | 1002 | Entire Lot | COMM 774 ROCKAWAY AVENUE |

Property Type: COMMERCIAL CONDO UNIT(S)

### CROSS REFERENCE DATA

Document ID: 2008101000539002
x  Additional Cross References on Continuation Page

### PARTIES

| ASSIGNOR: | ASSIGNEE: |
|---|---|
| RIVERROCK NEHEMIAH REALTY LLC<br>771 THOMAS S. BOYLAND STREET<br>BROOKLYN, NY 11212 | BANCO POPULAR NORTH AMERICA<br>120 BROADWAY, 16TH FLOOR<br>NEW YORK, NY 10271 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 2,262,010.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 102.00 | | | |
| Affidavit Fee: | $ | 8.00 | | | |

RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK
Recorded/Filed   10-21-2008 11:34
City Register File No.(CRFN):
2008000413122

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

2008101000539004001C3888

RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)   PAGE 2 OF 15
Document ID: 2008101000539004   Document Date: 08-20-2008   Preparation Date: 10-10-2008
Document Type: ASSIGNMENT OF LEASES AND RENTS

**CROSS REFERENCE DATA**
Document ID: 2008101000539003

B 3602
L 1002

Recording Requested By
And When Recorded Mail To:

EDWARDS ANGELL PALMER & DODGE LLP
750 Lexington Avenue
New York, New York 10022
Attention: Kevin C. George, Esq.

## ASSIGNMENT OF LEASES AND RENTS

THIS ASSIGNMENT OF LEASES AND RENTS (the "**Assignment**") is made as of August 20, 2008 by **RIVERROCK NEHEMIAH REALTY LLC**, a New York limited liability company having an address at 771 Thomas S. Boyland Street, Brooklyn, New York 11212 (the "**Borrower**"), the Borrower is referred to in this Assignment as "**Assignor**" in favor of **BANCO POPULAR NORTH AMERICA**, its successors and assigns having an address at 120 Broadway, 16th Floor, New York, New York 10271 (collectively, the "**Assignee**").

### RECITALS

A. Assignor is the owner of a fee simple interest in and to the real property described in Schedule A attached hereto, and the owner of all of the fixtures and improvements now or hereafter located thereon or attached thereto now existing or to be constructed thereon. Said real property, personalty, fixtures and the improvements are herein referred to collectively as the "**Premises**."

B. Assignee has agreed to make a loan to Assignor in the original principal amount of $2,262,010 (the "**Loan**"), as evidenced by that certain Building Loan Note and Project Loan Note (collectively, the "**Note**"), each of even date herewith, executed by Assignor in favor of Assignee; the Loan is secured by that certain Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement and Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement (collectively, the "**Mortgage**"), each of even date herewith, from Assignor to Assignee; a certain portion of the Loan shall be disbursed pursuant to that certain Building Loan Agreement between Assignor and Assignee of even date herewith, and a certain portion of the Loan shall be disbursed pursuant to that certain Project Loan Agreement of even date herewith between Assignor and Assignee (collectively, the "**Loan Agreement**").

C. In order to induce Assignee to make the Loan to Assignor, Assignor has agreed to execute this Assignment.

NOW, THEREFORE, with reference to the foregoing and in reliance thereon and for good and valuable consideration, the receipt of which is hereby acknowledged, Assignor agrees as follows:

# AGREEMENT

1.  All initially capitalized terms used herein, unless otherwise defined or required by context, shall have the meaning ascribed to them in the Loan Agreement.

2.  Assignor hereby absolutely grants, sells, assigns, transfers and sets over to Assignee, by this Assignment, all of Assignor's interests, whether now existing or hereafter acquired, in all leases, including commercial leases, any lettings, occupancies, subleases and other occupancy agreements of any nature, now or hereafter entered into relating to the Premises or any part thereof, together with all extensions, renewals, modifications or replacements of said leases and occupancy agreements, and together with any and all guarantees of the obligations of the lessees and occupants thereunder (the tenant, occupant or subtenant under any lease is herein referred to individually as "Lessee" and collectively under all leases as "Lessees", whether now existing or hereafter executed, and all extensions and renewals of said guarantees. (Said leases and occupancy agreements, together with any and all guarantees, modifications, extensions and renewals thereof, are hereinafter referred to collectively as the "Leases" and individually as a "Lease.")

3.  Assignor's purpose in making this Assignment is to relinquish to Assignee its right to collect and enjoy the rents, additional rents, escalation payments, accounts, royalties, issues, profits, income, revenues and other benefits at any time accruing by virtue of the Leases (hereinafter collectively referred to as "**Rents, Accounts and Profits**").

4.  The parties intend that this Assignment shall be a present, absolute, irrevocable and unconditional assignment and shall, immediately upon execution, give the Assignee the right to enforce, terminate, enter into or modify the Leases, and to collect the Rents, Accounts and Profits and to apply them in payment of the principal and interest and all other sums payable by Assignor on the Indebtedness and other Obligations under the Note and other loan documents, as well as all other sums payable under the Mortgage or any other instrument given as security for the Indebtedness. However, the Assignee hereby grants to Assignor a license to collect and use, subject to the provisions set forth below, the Rents, Accounts and Profits as they respectively become due and to enforce the Leases, so long as there is no Event of Default (as defined in the Mortgage) by Assignor in performance of the terms, covenants or provisions of the Mortgage, the Note, or the Loan Agreement, this Assignment or any other Loan Documents executed in connection with the Loan, subject to any applicable notice and cure provisions in the Loan Documents. Nothing contained herein, nor any collection of Rents, Accounts and Profits by Assignee or by a receiver or agent of Assignee, shall be construed to make Assignee a "mortgagee in possession" of the Premises so long as Assignee has not entered into actual possession of the Premises.

5.  Upon the occurrence of any Event of Default, under the terms and conditions of this Assignment, the Note, the Mortgage, the Loan Agreement or any other loan document, this Assignment shall constitute a direction and full authority to each Lessee under any Lease and each guarantor of any Lease to pay all Rents, Accounts and Profits to Assignee without proof of the Default relied upon. Assignor hereby irrevocably authorizes each Lessee and guarantor under any Lease to rely upon and comply with any notice or demand by Assignee for the payment to Assignee of any Rents, Accounts and Profits due or to become due.

- 2 -

6. Assignor represents and warrants as to each Lease now or hereafter covering all or any portion of the Premises:

(a) that it is in full force and effect;

(b) that no material default exists on the part of any Lessee or Assignor under any Lease;

(c) that no Rents, Accounts and Profits in excess of one month's Rents, Accounts and Profits have been collected in advance;

(d) that no Lease or any interest therein has been previously assigned or pledged;

(e) that, to the best of its knowledge, no Lessee under any Lease has any defense, setoff or counterclaim against Assignor; and

(f) that all Rents, Accounts and Profits due to date under each Lease have been collected and no concession has been granted to any Lessee in the form of a waiver, release, reduction, discount or other alteration of Rents, Accounts and Profits due or to become due.

7. Assignor agrees with respect to each Lease:

(i) If any Lease provides for a security deposit or other security to be paid or given by the Lessee to Assignor, this Assignment transfers to Assignee all of Assignor's right, title and interest in and to each such security deposit or other security given; provided, however, that Assignor shall have the right to retain said security deposit or other security given so long as no Event of Default occurs under this Assignment, the Mortgage, the Note, the Loan Agreement or any other Loan Document; and provided further that Assignee shall have no obligation to the Lessee with respect to such security deposit or any interest due thereon or other security given unless and until Assignee comes into actual possession and control of said security deposit or interest or other security given.

(ii) If any Lease for commercial space provides for the abatement of Rents, Accounts and Profits during repair of the leased premises by reason of fire or other casualty, Assignor shall furnish rental insurance to Assignee, the policies to be with companies and in form, content, policy limits and terms as are customary in the case of entities owning similar property or assets similarly situated, or as otherwise required by Assignee.

(iii) Each Lease shall remain in full force and effect despite any merger of the interest of Assignor and any Lessee thereunder. Assignor shall not terminate, or attempt to terminate, any Lease, or materially modify or amend any Lease or any of the terms thereof, or grant any concessions in connection therewith or accept a surrender thereof, without the prior written consent of Assignee, which consent shall not be unreasonably withheld, except for the eviction of the Lessee's existing in the Premises as of the date hereof.

(iv) Assignor shall not hereafter execute or consent to any Lease, the terms and conditions of which have not been previously approved in writing by Assignee, which approval shall not be unreasonably withheld or delayed.

(v) Assignor shall not collect any Rents, Accounts and Profits more than thirty (30) days in advance of the date on which they become due under the terms of any Lease.

(vi) Assignor shall not discount any future accruing Rents, Accounts and Profits.

(vii) Assignor shall not consent to any assignment of any Lease, or any subletting thereunder, whether or not in accordance with its terms, on any terms less favorable than those which would reflect an arm's length transaction in light of prevailing market conditions (subject to the rent restrictions, if any, applicable to the Premises), without the prior written consent of Assignee, except as otherwise required by such Lease.

(viii) Assignor shall not execute any further assignment or pledge of any of the Leases or the Rents, Accounts and Profits or any interest therein or suffer or permit any such assignment or pledge to occur by operation of law.

(ix) Assignor shall not request, consent to, agree to or accept a subordination of any Lease to any mortgage, deed of trust or other encumbrance, or any other Lease, now or hereafter affecting the Premises or any part thereof, or suffer or permit conversion of any Lease to a sublease, without Assignee's prior written consent.

(x) Assignor shall fully and faithfully perform and discharge all obligations of the lessor under each Lease, and shall give prompt written notice to Assignee of any notice of Assignor's default received from any Lessee or any other person and furnish Assignee with a complete copy of said notice. Assignor shall appear in and defend, at no cost to Assignee, any action or proceeding arising under or in any manner connected with any Lease. Assignor shall use prudent effort to enforce each Lease and all remedies available to Assignor against the Lessee in the case of default under the Lease by the Lessee, except for termination of any Lease (which shall require the prior written consent of Assignee), except as aforesaid.

(xi) Assignor shall give Assignee written notice immediately upon entering into a Lease of any part of the Premises and shall promptly provide to Assignee a true and correct copy of each fully executed Lease and any guarantee thereof. Upon written notice from Assignee to Assignor, such Lease shall be deemed included in this Assignment as though originally listed herein.

(xii) At Assignee's option, Assignor shall not hire, retain or contract with any third party for property management services with respect to the Premises without Assignee's prior written approval of such party and the terms of its contract for management services.

(xiii) Nothing herein shall be construed to impose any liability or obligation on Assignee under or with respect to any Lease. Assignor shall indemnify, defend and hold Assignee, its officers, directors, agents, employees, attorneys, participants and representatives and each of their respective successors, heirs and assigns (collectively, the "**Indemnitees**")

harmless from and against any and all liabilities, losses and damages which any Indemnitee may incur under any Lease or by reason of this Assignment, and of and from any and all claims and demands whatsoever which may be asserted against any Indemnitee by reason of any alleged obligations to be performed or discharged by Assignee under any Lease or this Agreement, unless any of the foregoing arises from or results from the gross negligence or willful misconduct of any Indemnitee. Should any Indemnitee incur any liability, loss or damage under any Lease or by reason of this Assignment and such liability, loss or damage falls within the foregoing indemnification, Assignor shall immediately upon demand reimburse such Indemnitee for the amount thereof together with all costs, expenses, attorneys' fees (based on itemized invoices for time and charges) and court costs incurred by such Indemnitee. All of the foregoing sums shall bear interest at the Involuntary Rate (as defined in the Note) from the date of demand by any such Indemnitee until paid. Any Rents, Accounts and Profits collected by Assignee may be applied by Assignee, in its discretion, in satisfaction of any such liability, loss, damage, claim, demand, cost, expense or fees, in addition to the Indebtedness.

8. Assignor hereby grants to Assignee the following rights:

(i) Upon an Event of Default as defined in the Mortgage or the Loan Agreement, Assignee shall be deemed to be the creditor of each Lessee in respect of any assignments for the benefit of creditors and any bankruptcy, arrangement, reorganization, insolvency, dissolution, receivership or other debtor relief proceedings affecting such Lessee, without obligation on the part of Assignee, however, to file timely claims in such proceedings or otherwise pursue creditor's rights therein.

(ii) Assignee shall have the right to assign Assignor's right, title and interest in the Leases to any subsequent holder of the Mortgage or any participating interest therein or to any person acquiring title to all or any part of the Premises through foreclosure or otherwise. Any subsequent assignee shall have all the rights and powers herein provided to Assignee.

(iii) Assignee shall have the right (but not the obligation), upon any Event of Default under the Mortgage or the Loan Agreement, to take any action as Assignee may deem necessary or appropriate to protect its security, including but not limited to appearing in any action or proceeding and performing any obligations of the lessor under any Lease; and Assignor agrees to pay, on demand, all costs and expenses, including without limitation reasonable attorneys' fees and court costs incurred by Assignee in connection therewith, together with interest thereon at the Involuntary Rate.

(iv) Upon any Event of Default under this Assignment, the Mortgage, the Note, the Loan Agreement, or any other Loan Documents, subject to any applicable notice and cure provisions therein, and without notice to or consent of Assignor, Assignee shall have the following rights (none of which shall be construed to be obligations of Assignee):

(i) Assignee shall have the right under this Assignment to use and possess, without rental or charge, the Fixtures, Equipment and Personal Property of the Assignor located in or on the Premises and/or used in the operation or occupancy thereof. Assignee shall have the right to apply any of the Rents, Accounts and Profits to pay installments due for Personal Property rented or purchased on credit, insurance premiums on Personal

- 5 -

NYC 301908

Property, or other charges relating to Personal Property in or on the Premises. However, this Assignment shall not make Assignee responsible for the control, care, management or repair of the Premises or any Personal Property or for the carrying out of any of the terms or provisions of any Lease.

(ii) Assignee shall have the right to apply the Rents, Accounts and Profits and any sums recovered by Assignee hereunder to the outstanding Indebtedness, as well as to charges for taxes, insurance, improvements, maintenance and other items relating to the operation of the Premises.

(iii) Assignee shall have the right to take possession of the Premises, manage and operate the Premises and Assignor's business thereon, and to take possession of and use all books of account and financial records of Assignor and its property managers or representatives relating to the Premises.

(iv) Assignee shall have the right to execute new Leases of any part of the Premises, including Leases that extend beyond the term of the Mortgage.

(v) To the extent permitted in any existing Leases, Assignee shall have the right to cancel or alter any existing Leases.

(vi) Assignee shall have the authority, as Assignor's attorney-in-fact, such authority being coupled with an interest and irrevocable, to sign the name of Assignor and to bind Assignor on all papers and documents relating to the operation, leasing and maintenance of the Premises.

(v) All of the foregoing rights and remedies of Assignee are cumulative, and Assignee shall also have upon the occurrence of any such Event of Default all other rights and remedies provided under the Note, the Loan Agreement, the Mortgage, or any other loan document executed in connection with the Loan evidenced by the Note or other agreement between Assignor and Assignee, or otherwise available at law or in equity or by statute subject to the nonrecourse clause set forth in the Note.

9. Failure of Assignee to avail itself of any terms, covenants or conditions of this Assignment for any period of time or for any reason shall not constitute a waiver thereof.

10. Notwithstanding any future modification of the terms of the Note, the Mortgage, the Loan Agreement or any other loan document executed in connection with the Loan evidenced by the Note, this Assignment and the rights and benefits hereby assigned and granted shall continue in favor of Assignee in accordance with the terms of this Assignment, and without affecting the priority of this Assignment.

11. This Assignment shall be binding upon and inure to the benefit of the respective heirs, legal representatives, successors and assigns of the parties hereto (including without limitation in the case of Assignee, any third parties now or hereafter acquiring any interest in the Indebtedness or other obligations of Assignor under the Note, or Mortgage, the Loan Agreement or any other loan document executed in connection with the Loan evidenced by the Note, or a part thereof, whether by virtue of assignment, participation or otherwise). The words

"Assignor," "Assignee," and "Lessee," wherever used herein, shall include the persons and entities named herein or in any Lease and designated as such and their respective heirs, legal representatives, successors and assigns, provided that any action taken by the named Assignee or any successor, designated as such by an instrument recorded in the Official Records of Kings County, New York, referring to this Assignment, shall be sufficient for all purposes notwithstanding that Assignee may have theretofore assigned or participated any interest in the obligation to a third party. All words and phrases shall be taken to include the singular or plural number, and the masculine, feminine or neuter gender, as may be appropriate under the circumstances.

12. Any change, amendment, modification, abridgment, cancellation, discharge or termination of this Assignment or any term or provision hereof shall be invalid without the written consent of Assignee.

13. Upon payment to Assignee of the full amount of the Indebtedness and other obligations secured hereby and by the Note and Mortgage, as evidenced by a recorded satisfaction or release of the Mortgage, this Assignment shall be void and of no further effect.

14. All notices, demands, approvals and other communications provided for in the Loan Documents shall be in writing and be delivered by telegraph, cable, overnight air courier, personal delivery or registered or certified U.S. mail, postage prepaid with return receipt requested to the appropriate party at its address as follows:

    If to Assignor:
        RiverRock Nehemiah Realty LLC
        c/o Guytech Management Services, Inc.
        771 Thomas S. Boyland Street
        Brooklyn, New York 11212

    with a copy to:
        Goldstein Hall, PLLC
        44 Wall Street
        New York, New York 10005
        Attention: Matthew Hall, Esq.

    If to Assignee:
        Banco Popular North America
        120 Broadway
        16th Floor
        New York, New York 10271
        Attention: Lawrence G. Hammond

    with a copy to:
        Edwards Angell Palmer & Dodge LLP
        750 Lexington Avenue
        New York, New York 10022
        Attention: Kevin C. George, Esq.

Addresses for notice may be changed from time to time by written notice to all other parties. Any communications given by telegram, or cable must be confirmed within forty-eight (48) hours by overnight air courier or mail in the manner hereinbefore described. If any communication is given by mail in the manner hereinabove described, it will be effective upon the earlier of: (a) three (3) days after deposit in a post office or other official depository under the care and custody of the United States Postal Service, or (b) actual receipt, as indicated by the return receipt; if given by telegraph or cable, when delivered to the telegraph company with charges prepaid; and if given by personal delivery, or by overnight air courier, when delivered to the appropriate address set forth above.

15. This Assignment may be recorded in the Official Records of Kings County, New York and Assignor shall pay all fees, charges, costs and expenses of such recording, and cause to be prepared, executed and delivered any and all affidavits necessary to record the same.

16. If any provision of this Assignment is determined to be illegal or unenforceable for any reason, the remaining provisions hereof shall not be affected thereby.

17. This Assignment shall be governed by and construed in accordance with the laws of the State of New York.

18. If Assignee should bring any action to enforce its rights hereunder at law or at equity, Assignor shall reimburse Assignee for all attorneys' fees and court costs incurred by Assignee in connection therewith.

19. Assignor hereby, knowingly, voluntarily, intentionally, expressly and unconditionally waives, in connection with any suit, action or proceeding brought by Assignee based upon, arising out of, under or in connection with this Assignment, or any other documents contemplated to be executed in connection herewith, or any course of conduct, course of dealing, statements (whether verbal or written) or actions of any party, any and every right it may have to (i) injunctive relief (other than injunctive relief granted in connection with any such suit, action or proceeding brought by Assignee this Assignment), (ii) **A TRIAL BY JURY**, (iii) interpose any counterclaim therein (other than a counterclaim brought by Assignee under this Assignment that cannot be maintained in any separate action) and (iv) have the same consolidated with any other or separate suit, action or proceeding. Nothing herein contained shall prevent or prohibit Assignor from instituting or maintaining a separate action against Assignee with respect to any asserted claim. Assignor acknowledges that the aforesaid waiver constitutes a material inducement for Assignee to accept this Assignment and make the loan which is evidenced by this Assignment.

20. Assignor hereby grants to Assignee, a continuing lien, security interest and right of setoff as security for all liabilities and obligations to Assignee whether now existing or hereafter arising, upon and against all deposits, credits, collateral and property, now or hereafter in the possession, custody, safekeeping or control of Assignee or any entity under the control of, controlled by or affiliated with Assignee, its successors and/or assigns or in transit to any of them. At any time, without demand or notice (any such notice being expressly waived by Assignor), Assignee may setoff the same or any part thereof and apply the same to any liability or obligation of Assignor even though unmatured and regardless of the adequacy of any other

collateral security for the Loan. ANY AND ALL RIGHTS TO REQUIRE ASSIGNEE TO EXERCISE ITS RIGHTS OR REMEDIES WITH RESPECT TO ANY OTHER COLLATERAL WHICH SECURES THE LOAN WHICH IS EVIDENCED BY THE NOTE PRIOR TO EXERCISING ITS RIGHT OF SETOFF WITH RESPECT TO SUCH DEPOSITS, CREDITS OR OTHER PROPERTY OF THE ASSIGNOR, ARE HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVED.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment as of the date first above written.

        **RIVERROCK NEHEMIAH REALTY LLC**
        a New York limited liability company

        By:  Guytech Management Services, Inc.

        By: _____
              Joseph Norton
              President

Each having an address at:
771 Thomas S. Boyland Street
Brooklyn, New York 11212

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

On the 20th day of August, in the year 2008, before me, the undersigned, personally appeared **Joseph Norton** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
Notary Public
Commission expires:

MICHAEL SCHWARTZ
Notary Public, State of New York
No. 01SC6096514
Qualified in Kings County
Commission Expires July 29, 2011

SEAL

## SCHEDULE A

Legal Description of the Premises

