# EXHIBIT 8

228557

2008 OCT 10 PM 3:00

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, New York 10022
Attn: Kevin C. George, Esq.

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| RIVERROCK NEHEMIAH REALTY LLC | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 771 Thomas S. Boyland Street | Brooklyn | NY | 11212 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | LLC | New York | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| Not Applicable | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Banco Popular North America | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 120 Broadway, 16th Floor | New York | NY | 10271 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See Schedule A and Rider to UCC-1 attached.

**5. ALTERNATIVE DESIGNATION** (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
River Rock (Retail)- State 51328.0025

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 200810100693968**

# RIDER TO UCC-1 FINANCING STATEMENT

## COLLATERAL DESCRIPTION

This Rider is attached to and incorporated in a financing statement pertaining to RIVERROCK NEHEMIAH REALTY LLC, a New York limited liability company ("**Debtor**") as debtor, and BANCO POPULAR NORTH AMERICA, a New York banking corporation ("**Secured Party**") as secured party, parties to that certain Building Loan Mortgage, Assignment of Leases and Rents and Security Agreement and Project Loan Mortgage, Assignment of Leases and Rents and Security Agreement (collectively, the "**Security Instrument**"), each dated as of August 20, 2008 made by Debtor, as mortgagor, in favor of Secured Party, as mortgagee, in connection with the financing of the real property described on Schedule A hereto (the "**Land**").

For purposes of this Rider, "UCC" shall mean the Uniform Commercial Code as adopted and in effect from time to time in the state or states where any of the Property (as hereinafter defined) is located. Debtor agrees to execute any and all documents, including financing statements, which may be required to perfect the security interest granted hereby. Debtor hereby authorizes Secured Party at any time and from time to time, without Debtor's further signature or authorization, to file financing statements, continuation statements and amendments thereto that describe the Property and which contain any other information required by Article 9 of the UCC for the sufficiency or filing office acceptance of any financing statement, continuation statement or amendment, including whether Debtor is an organization, the type of organization and any organization identification number issued to Debtor. Debtor agrees to furnish any such information to Secured Party promptly upon request.

The attached financing statement covers all right, interest and estate of Debtor now owned, or hereafter acquired, in and to the following property, rights, interests and estates in the Land and the Improvements (as defined below) (collectively, the "**Property**"):

1. **Land.** The real property described in Schedule A attached hereto and made a part hereof and all additional lands, estates and development rights hereafter acquired by Debtor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise, be expressly made subject to the lien of the Security Instrument (collectively, the "**Land**");

2. **Improvements.** The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the "**Improvements**");

3. **Easements.** All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now

or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversions and reminders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, rights of dower, rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Debtor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

4. Equipment. All "equipment," as such term is defined in Article 9 of the UCC, of every type and description now owned or hereafter acquired by Debtor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Debtor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the "**Equipment**"). Notwithstanding the foregoing, Equipment shall not include any property belonging to tenants under Leases (hereafter defined) except to the extent that Debtor shall have any right or interest therein;

5. Fixtures. All Equipment and fixtures (as defined in the UCC) now owned, or the ownership of which is hereafter acquired, by Debtor which is so related to the Land and Improvements forming part of the real property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Land or in the Improvements, construction equipment, appliances, machinery, plant equipment, fitting, apparatuses, fixtures and other items now or hereafter attached to, installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators, ranges, stoves, ovens, sinks, countertops, cupboards, fans and other kitchen appliances, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Debtor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the "**Fixtures**").

- 2 -

Notwithstanding the foregoing, "Fixtures" shall not include any property which tenants are entitled to remove pursuant to Leases, except to the extent that Debtor shall have any right or interest therein;

6. Personal Property. All furniture, furnishings, objects of art, machinery, goods (as defined in the UCC), tools, supplies, inventory (as defined in the UCC), appliances, general intangibles (as defined in the UCC), tangible chattel paper (as defined in the UCC), contract rights, rights as a lien creditor (as defined in the UCC), Debtor's right and interest in any mortgage (as defined in the UCC) other than the Security Instrument, or promissory note (as defined in the UCC) other than the promissory note secured by the Security Instrument, accounts, accounts receivable, chattel paper, (as defined in the UCC), commercial tort claims (as defined in the UCC), franchises, electronic chattel paper (as defined in the UCC), instruments (as defined in the UCC), licenses, certificates and permits, and all other personal property of any kind or character whatsoever as defined in and subject to the provisions of the UCC, whether tangible or intangible, other than Fixtures, which are now or hereafter owned by Debtor and which are located within or about the Land and the Improvements, together with all accessories, replacements and substitutions thereto or therefor and the proceeds thereof (collectively, the "**Personal Property**"), and the right, title and interest of Debtor in and to any of the Personal Property which may be subject to any security interests, as defined in the UCC superior in lien to the lien of the Security Instrument and all proceeds and products of the above;

7. Leases and Rents. All leases, subleases or subsubleases, lettings, licenses, concessions or other agreements (whether written or oral) pursuant to which any person is granted a possessory interest in, or right to use or occupy all or any portion of the Land or the Improvements, and every modification, amendment or other agreement relating to such leases, subleases, subsubleases, or other agreements entered into in connection with such leases, subleases, subsubleases or other agreements and every guarantee of the performance and observance of the covenants, conditions and agreements to be performed and observed by the other party thereto, heretofore or hereafter entered into (collectively, the "**Leases**"), whether before or after the filing by or against Debtor of any petition for relief under 11 U.S.C. § 101 et seq., as the same may be amended from time to time (the "**Bankruptcy Code**") and all right, title and interest of Debtor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements whether paid or accruing before or after the filing by or against Debtor of any petition for relief under the Bankruptcy Code (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to

receive and apply the Rents to the payment of any indebtedness of Debtor to Secured Party;

8. Condemnation Awards. All awards which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including, but not limited to, any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

9. Insurance Proceeds. All insurance proceeds in respect of the Property under any insurance policies covering the Property or any portion thereof, including, without limitation, the right to receive and apply the proceeds of any such policies, judgments, or settlements made in lieu thereof, in connection with a casualty to the Property or any portion thereof;

10. Tax Certiorari. All refunds, rebates or credits in connection with reduction in real estate taxes or assessments or other charges charged against or a lien on the Property;

11. Conversion. All proceeds of the conversion, voluntary or involuntary, of any of the foregoing including, without limitation, insurance proceeds and condemnation or eminent domain awards, into cash, noncash proceeds (as defined in the UCC), proceeds (as defined in the UCC) or liquidation claims;

12. Rights. The right, in the name and on behalf of Debtor, to appear in and defend any action or proceeding brought with respect to the Property or any portion thereof and to commence any action or proceeding to protect the interest of Secured Party in the Property;

13. Agreements. All agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications, documents (as defined in the UCC) and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or any business or activity conducted on the Land and any part thereof and all right, title and interest of Debtor therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Debtor thereunder;

14. Trademarks. All tradenames, trademarks, servicemarks, logos, copyrights, all royalties, issues, profits, revenue and income due Debtor in connection therewith, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

15. Accounts. All reserves, escrows and deposit accounts (as defined in the UCC) maintained by Debtor with respect to the Property, including, without limitation, all deposit accounts established or maintained pursuant to

- 4 -

Security Instrument, together with all deposits or wire transfers made to such accounts and all cash, checks (as defined in the UCC), drafts, certificates, securities, letter-of-credit rights (as defined in the UCC), investment property (as defined in the UCC), financial assets, instruments, accounts (as defined in the UCC), accounts receivable, cash proceeds (as defined in the UCC) and other property held therein from time to time and all proceeds, products, distributions or dividends or substitutions thereon and thereof; and

16. <u>Other Rights</u>. Any and all other rights of Debtor in and to the items set forth in Subsections (1) through (15) above.

# FIRST NATIONWIDE OF NY, INC.
as Agent for
Old Republic National Title Insurance Company

## LOAN POLICY
## SCHEDULE A DESCRIPTION

Title Number: FNO-15339-KF                                          Policy Number: LX380166

ALL that certain piece or parcel or real property, with the improvements therein contained, situate and being a part of a condominium in the Borough of Brooklyn, County of Kings, City and State of New York, known and designated as Residential Unit No. 1001 together with an undivided 5 % interest in the Common Elements of the condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

The real property above described is a Unit shown on the plans of a condominium prepared and certified by Danios Architects, P.C., and filed in the Office of the Register of the City of New York, Kings County, on 9/26/08, as Map No. 2262, as defined in the Declaration of Condominium entitled The River Rock Condominium, made by River Rock Housing Development Fund Company, Inc under Article 9-B of the New York Real Property Law dated 8/20/08, and recorded in the Office of the Register of the City of New York, Kings County, on the 26th day of September 2008, in File #2008000383142, covering the property therein described.

Premises designated as Block 3602 Lot 1002.

NOTE: Lot and Block shown for informational purposes only.

Schedule A Description Page 1 of 1

743071  2013 May 10 AM06:06

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Gisella Melendez 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
efiling@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # 200810100693968 Filedate: 10-OCT-08

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address  ☐ DELETE name  ☐ ADD name

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

9a. ORGANIZATION'S NAME **BANCO POPULAR NORTH AMERICA**

9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA NY-0-38079320-47409162

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**Filing Number-20130510S507770**