# EXHIBIT 9

JOHN A. NOCERA\*
RANDY G. ROSNER\*
PETER A. RAGONE\*

GERALD M. JACOBS\*
ELIOT L. GREENBERG\*
JOHN P. FOUDY
ANTHONY L. COTRONEO •
ELAINE LAU

\* ADMITTED IN N.Y. AND N.J.
• ADMITTED IN N.Y., N.J. AND CT

ROSNER NOCERA & RAGONE, LLP.

ATTORNEYS AT LAW
110 WALL STREET
23RD FLOOR
NEW YORK, N.Y. 10005-3801

PHONE: 212-635-2244
FACSIMILE: 212-635-0533

NEW JERSEY OFFICE
4105 U.S. HIGHWAY 1
SUITE 16
MONMOUTH JUNCTION, N.J. 08852-2157
PHONE: 609-520-9060
FACSIMILE: 609-520-9407
EMAIL: INFO@RNRLAWGROUP.COM

December 1, 2011

**Certified Mail Return Receipt Requested
and First Class Mail**
Riverrock Nehemiah Realty LLC
771 Thomas S. Boyland Street
Brooklyn, New York 11212

    Re:    Note and Mortgage dated August 20, 2008
            Borrower:    Riverrock Nehemiah Realty LLC
            Guarantor:    Joseph Norton
            Original Principal Amount: $1,912,341.00

### NOTICE OF DEFAULT AND ACCELERATION
### AND DEMAND FOR PAYMENT

Dear Sir/Madam:

    This firm is counsel for Banco Popular North America ("Banco Popular") with respect to the obligations of Riverrock Nehemiah Realty LLC (hereinafter the "Borrower").

    Specifically, a Building Loan Note (the "Note") dated August 20, 2008 in the total amount of $1,912,341.00, was made and executed by the Borrower by and through its Member, Guytech Management Services, Inc. ("Guytech') and Guytech's President, Joseph Norton, and delivered to Banco Popular to evidence a loan and/or extension of credit by Banco Popular to the Borrower.

    In order to partially secure the obligations of the Borrower to Banco Popular, including those under the Note, Borrower, by and through its Member, Guytech and Guytech's President, Joseph Norton, further executed and delivered to Banco Popular a

1

Building Loan Mortgage, Assignment of Leases And Rents And Security Agreement (the "Mortgage") dated August 20, 2008, along with other agreements and documents in connection with the above Note (collectively the "Loan Documents").

Payment and performance of the Borrower's obligations under the Note and Mortgage have been personally and unconditionally guaranteed by Joseph Norton pursuant to his Guaranty Of Payment dated August 20, 2008 (hereinafter collectively the "Guarantor" and "Guaranty").

The Note provides, in pertinent part, as follows:

\* \* \*

> This Note is secured by, <u>inter alia</u>, and the parties hereto are entitled to the benefits of that certain building loan mortgage, assignment of leases and rents and security agreement of even date herewith (which, as now exists, and as the same may hereafter, from time to time, be amended, modified, extended, consolidated, increased, supplemented, spread or restated is hereinafter referred to as the "Mortgage"), made by the Borrower to the Lender, encumbering, among other things, certain real property and improvements now or hereafter located on said real property and such other property and interests as more particularly described in the Mortgage (the "Mortgaged Property"), which Mortgage specifies various Events of Default upon the occurrence of any of such Events of Default, all sums due and owing on this Note may, at Lender's option, be declared immediately due and payable...

\* \* \*

The Mortgage provides, among other things, as follows:

ARTICLE II
EVENTS OF DEFAULT AND REMEDIES

Section 2.01. If one or more of the following Events of Default shall happen, that is to say:

> (1) if (i) default shall be made in the payment of any interest due under the Note, or in the payment of any installment of principal due under the Note, in either such case, when and as the same shall become due and payable, and such default shall have continued for a period of ten (10) days, or (ii) default shall be made in any other payment of the principal of the Note or under this Mortgage, when

2

and as the same shall become due and payable, whether at maturity or by acceleration or as part of any prepayment or otherwise, in each case, as in the Note and this Mortgage provided. . .

\* \* \*

then and in every such case:

After the occurrence of any such Event of Default the Mortgagee, by written notice given to the Mortgagor, may declare the entire principal of the Note then outstanding (if not then due and payable), and all accrued and unpaid interest thereon together with all other Indebtedness, to be due and payable immediately, and upon any such declaration the principal of the Note, said accrued and unpaid interest thereon and all other Indebtedness shall become and be immediately due and payable, anything in the Note, in this Mortgage, or in the Building Loan Agreement or in any other Loan Documents to the contrary notwithstanding;

After the occurrence of any such Event of Default, the Mortgagee personally, or by its agents or attorneys, may enter into and upon all or any part of the Premises, and each and every part thereof, and may exclude Mortgagor, its agents and servants wholly therefrom . . .

The Mortgagee, with or without entry, personally or by its agents or attorneys, insofar as applicable, may:

sell the Mortgaged Property to the extent permitted in this Mortgage and pursuant to the procedures provided by law . . . ; or

institute proceedings for the complete or partial foreclosure of this Mortgage; or

take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note or in the Building Loan Agreement, this Mortgage or in any of the other Loan Documents, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as the Mortgagee shall elect . . .

\* \* \*

PLEASE TAKE NOTICE that the Borrower is in default under the Note and Mortgage by virtue of the Borrower's failure to, among other things, make the required payments due.

Banco Popular hereby declares that all sums due under the Note and Mortgage

are accelerated and payment in full is hereby demanded under the Note.

As of November 30, 2011, the total amount due to Banco Popular under the Note and Mortgage was $1,967,641.08 consisting of unpaid principal, interest and late charges plus interest thereafter which continues to accrue at the default rate set forth in the Note.

As a result, we have been retained by Banco Popular to commence proceedings against you to recover the amounts due under the Note as set forth above, plus interest that continues to accrue at the default rate of interest set forth in the Note, along with Banco Popular's collection costs and expenses, including, without limitation, Banco Popular's reasonable attorneys' fees. Unless immediate arrangements are made for payment upon your receipt of this demand letter, these proceedings may include, among other remedies, without limitation and at Banco Popular's option: (1) foreclosure of the Mortgage; (2) the appointment of a receiver; (3) the institution of suit to recover the amounts due under the Note; and (4) and/or other appropriate actions to protect Banco Popular.

**PLEASE TAKE FURTHER NOTICE** that, unless all sums due and owing under the Note, Mortgage and Guaranty are paid in full within ten (10) days of the date of this letter, we will proceed, at Banco Popular's option and sole discretion, to take all steps necessary to collect the sums due and owing under the Note, Mortgage and Guaranty and/or otherwise take appropriate actions to protect Banco Popular's interests.

This letter is not intended, nor should it be construed, as a waiver of any of Banco Popular's rights, remedies, or causes of action under the Note, Mortgage, Guaranty or other Loan Documents, or as otherwise available under applicable law whether or not stated herein. All of Banco Popular's rights and remedies are, and shall remain, expressly reserved.

Very truly yours,

ROSNER NOCERA & RAGONE, LLP

By: _____
Gerald M. Jacobs

GMJ/cs

cc: Joseph Norton (Certified Mail Return Receipt Requested & First Class Mail)

cs:riverrock.ltr
12/11

4

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7007 0220 0000 7314 8801

Sent To: Riverroad Nehemiah Realty LLC
Street, Apt. No.; or PO Box No.: 771 Thomas S. Boyland Street
City, State, ZIP+4: Brooklyn, NY 11212

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Riverroad Nehemiah
Realty LLC
771 Thomas S. Boyland
Brooklyn, NY 11212

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7007 0220 0000 7314 8801

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

ROSNER NOCERA & RAGONE, LL.

JOHN A. NOCERA*
RANDY G. ROSNER*
PETER A. RAGONE*

GERALD M. JACOBS*
ELIOT L. GREENBERG*
JOHN P. FOUDY
ANTHONY L. COTRONEO •
ELAINE LAU

* ADMITTED IN N.Y. AND N.J.
• ADMITTED IN N.Y., N.J. AND CT

ATTORNEYS AT LAW
110 WALL STREET
23RD FLOOR
NEW YORK, N.Y. 10005-3801

PHONE: 212-635-2244
FACSIMILE: 212-635-0533

NEW JERSEY OFFICE
4105 U.S. HIGHWAY 1
SUITE 16
MONMOUTH JUNCTION, N.J. 08852-2157
PHONE: 609-520-9060
FACSIMILE: 609-520-9407
EMAIL: INFO@RNRLAWGROUP.COM

December 1, 2011

**Certified Mail Return Receipt Requested**
**and First Class Mail**
Riverrock Nehemiah Realty LLC
771 Thomas S. Boyland Street
Brooklyn, New York 11212

      Re:    Note and Mortgage dated August 20, 2008
              Borrower:   Riverrock Nehemiah Realty LLC
              Guarantor:  Joseph Norton
              Original Principal Amount: $349,669.00

## NOTICE OF DEFAULT AND ACCELERATION
## AND DEMAND FOR PAYMENT

Dear Sir/Madam:

      This firm is counsel for Banco Popular North America ("Banco Popular") with respect to the obligations of Riverrock Nehemiah Realty LLC (hereinafter the "Borrower").

      Specifically, a Project Loan Note (the "Note") dated August 20, 2008 in the total amount of $349,669.00, was made and executed by the Borrower by and through its Member, Guytech Management Services, Inc. ("Guytech') and Guytech's President, Joseph Norton, and delivered to Banco Popular to evidence a loan and/or extension of credit by Banco Popular to the Borrower.

      In order to partially secure the obligations of the Borrower to Banco Popular, including those under the Note, Borrower, by and through its Member, Guytech and Guytech's President, Joseph Norton, further executed and delivered to Banco Popular a Project Loan Mortgage, Assignment of Leases And Rents And Security Agreement (the "Mortgage") dated August 20, 2008, along with other agreements and documents in connection with the above Note (collectively the "Loan Documents").

1

Payment and performance of the Borrower's obligations under the Note and Mortgage have been personally and unconditionally guaranteed by Joseph Norton pursuant to his Guaranty Of Payment dated August 20, 2008 (hereinafter collectively the "Guarantor" and "Guaranty").

The Note provides, in pertinent part, as follows:

* * *

> This Note is secured by, <u>inter alia</u>, and the parties hereto are entitled to the benefits of that certain project loan mortgage, assignment of leases and rents and security agreement of even date herewith (which, as now exists, and as the same may hereafter, from time to time, be amended, modified, extended, consolidated, increased, supplemented, spread or restated is hereinafter referred to as the "Mortgage"), made by the Borrower to the Lender, encumbering, among other things, certain real property and improvements now or hereafter located on said real property and such other property and interests as more particularly described in the Mortgage (the "Mortgaged Property"), which Mortgage specifies various Events of Default upon the occurrence of any of such Events of Default, all sums due and owing on this Note may, at Lender's option, be declared immediately due and payable...

* * *

The Mortgage provides, among other things, as follows:

## ARTICLE II
## EVENTS OF DEFAULT AND REMEDIES

Section 2.01. If one or more of the following Events of Default shall happen, that is to say:

> (1) if (i) default shall be made in the payment of any interest due under the Note, or in the payment of any installment of principal due under the Note, in either such case, when and as the same shall become due and payable, and such default shall have continued for a period of ten (10) days, or (ii) default shall be made in any other payment of the principal of the Note or under this Mortgage, when and as the same shall become due and payable, whether at maturity or by acceleration or as part of any prepayment or otherwise, in each case, as in the Note and this Mortgage provided...

2

* * *

then and in every such case:

After the occurrence of any such Event of Default the Mortgagee, by written notice given to the Mortgagor, may declare the entire principal of the Note then outstanding (if not then due and payable), and all accrued and unpaid interest thereon together with all other Indebtedness, to be due and payable immediately, and upon any such declaration the principal of the Note, said accrued and unpaid interest thereon and all other Indebtedness shall become and be immediately due and payable, anything in the Note, in this Mortgage, in the Building Loan Agreement, in the Project Loan Agreement or in any other Loan Documents to the contrary notwithstanding;

After the occurrence of any such Event of Default, the Mortgagee personally, or by its agents or attorneys, may enter into and upon all or any part of the Premises, and each and every part thereof, and may exclude Mortgagor, its agents and servants wholly therefrom . . .

The Mortgagee, with or without entry, personally or by its agents or attorneys, insofar as applicable, may:

sell the Mortgaged Property to the extent permitted in this Mortgage and pursuant to the procedures provided by law . . . ; or

institute proceedings for the complete or partial foreclosure of this Mortgage; or

take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note or in the Building Loan Agreement, the Project Loan Agreement, this Mortgage or in any of the other Loan Documents, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as the Mortgagee shall elect . . .

* * *

**PLEASE TAKE NOTICE** that the Borrower is in default under the Note and Mortgage by virtue of the Borrower's failure to, among other things, make the required payments due.

Banco Popular hereby declares that all sums due under the Note and Mortgage are accelerated and payment in full is hereby demanded under the Note.

As of November 30, 2011, the total amount due to Banco Popular under the Note

and Mortgage was $107,144.75 consisting of unpaid principal, interest and late charges plus interest thereafter which continues to accrue at the default rate set forth in the Note.

As a result, we have been retained by Banco Popular to commence proceedings against you to recover the amounts due under the Note as set forth above, plus interest that continues to accrue at the default rate of interest set forth in the Note, along with Banco Popular's collection costs and expenses, including, without limitation, Banco Popular's reasonable attorneys' fees. Unless immediate arrangements are made for payment upon your receipt of this demand letter, these proceedings may include, among other remedies, without limitation and at Banco Popular's option: (1) foreclosure of the Mortgage; (2) the appointment of a receiver; (3) the institution of suit to recover the amounts due under the Note; and (4) and/or other appropriate actions to protect Banco Popular.

**PLEASE TAKE FURTHER NOTICE** that, unless all sums due and owing under the Note, Mortgage and Guaranty are paid in full within ten (10) days of the date of this letter, we will proceed, at Banco Popular's option and sole discretion, to take all steps necessary to collect the sums due and owing under the Note, Mortgage and Guaranty and/or otherwise take appropriate actions to protect Banco Popular's interests.

This letter is not intended, nor should it be construed, as a waiver of any of Banco Popular's rights, remedies, or causes of action under the Note, Mortgage, Guaranty or other Loan Documents, or as otherwise available under applicable law whether or not stated herein. All of Banco Popular's rights and remedies are, and shall remain, expressly reserved.

Very truly yours,

ROSNER NOCERA & RAGONE, LLP

By: _____
Gerald M. Jacobs

GMJ/cs

cc: Joseph Norton (<u>Certified Mail Return Receipt Requested & First Class Mail</u>)

cs:riverrock.ltr(1)
12/11

4

**U.S. Postal Service**
**CERTIFIED MAIL  RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: Riverrocke Nehemiah Realty LLC
Street, Apt. No.; or PO Box No. 771 Thomas S. Boyland Street
City, State, ZIP+4 Brooklyn, NY 11212

7007 0220 0000 7314 8832

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Riverrocke Nehemiah
    Realty LLC
    771 Thomas S. Boyland
    Street
    Brooklyn, NY 11212

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_     ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)

7007 0220 0000 7314 8832

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540